DECISION OF DISMISSAL *Page 1 
This matter is before the court on Defendant's request for dismissal included in its Answer filed July 9, 2010. Defendant requests that Plaintiffs' appeal be dismissed as untimely under ORS 305.280(2).[1] That statute requires a party appealing from a notice of assessment to file the appeal within 90 days after the date of the notice.
ORS 305.280(2), which provides, in relevant part:
 "An appeal under ORS 323.416 or 323.623 or from any notice of assessment or refund denial issued by the Department of Revenue with respect to a tax imposed under ORS chapter 118, 308, 308A, 310, 314, 316, 317, 318, 321 or this chapter, or collected pursuant to ORS 305.620, shall be filed within 90 days after the date of the notice. (Emphasis added.)
A review of Plaintiffs' materials shows the Notice of Deficiency Assessment was mailed to Plaintiffs on March 9, 2010. The 90-day statutory deadline was Monday, June 7, 2010. The determination of the timeliness of an appeal is based on the time span between the date of the notice and the date of the postmark on the envelope containing the appeal.[2] Plaintiffs' Complaint was filed with the court on June 9, 2010, but was postmarked June 8, 2010. Plaintiffs' appeal *Page 2 
was filed one day late. For better or worse, the law does not differentiate between a day, a week, a month, or a year — late is late.
The court is not aware of any circumstances that extend the statutory limit of 90 days. As the court explained during a September 21, 2010, telephonic case management conference, Plaintiffs can file an appeal with this court if they pay the tax, penalties, and interest imposed as part of the assessment. ORS 305.280(3) provides an exception to the 90-day deadline in subsection (2) of ORS 305.280, pursuant to which the taxpayer can file an appeal "within two years after the date the amount of tax, as shown on the notice and including appropriate penalties and interest, is paid." Thus, Plaintiffs are not completely without options in terms of pursuing a challenge to the disputed assessment. However, on the facts currently before the court, Defendant's request for dismissal must be, and is hereby, is granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted. The Complaint is dismissed.
Dated this___day of October 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon October 6, 2010. The Court filed and entered this documenton October 6, 2010.
[1] References to the Oregon Revised Statutes (ORS) are to 2009.
[2] ORS 305.418(1) provides, in relevant part, that a Complaint "shall be deemed filed * * * on the date shown on the post-office cancellation mark stamped upon the envelope containing [the complaint]." Thus it is the postmark date that controls the determination of whether a Complaint has been timely filed.